Harold J. SEMAKEN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7473.

Court of Appeals of Alaska.

Sept. 22, 2000.

---

**24.** *Id.* at 1312.

**25.** *Id.* at 1314.

**26.** *See Martin,* 704 P.2d at 1342.

Bethany P. Spalding, Assistant Public Defender, Fairbanks, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## *O P I N I O N*

MANNHEIMER, Judge.

Harold J. Semaken was convicted of second-degree sexual assault in 1990. Because of this conviction, Semaken is obliged to register as a sex offender.[1] Each year, Semaken must report his address (and certain other information) to the Department of Public Safety.[2]

1. *See* AS 12.63.010(a)—(b).

2. *See* AS 12.63.010(d)(1) and AS 12.63.020(a)(2).

3. This regulation has since been amended; it no longer contains a subsection (c), and it no longer specifies the 30–day period preceding the offender's birthday.

4. AS 11.56.840(a).

At the time that this case arose, the Department had promulgated a regulation, 13 AAC 09.030(c), which required sex offenders to make their annual reports within the 30 days preceding their birthday.[3] Semaken, whose birthday is March 18th, was stopped for a traffic violation on March 21, 1999. During this traffic stop, the police officer discovered that Semaken had not yet made his annual report to the Department of Public Safety. As a consequence, Semaken was charged with the misdemeanor of failing to report.[4]

In the district court, and now on appeal, Semaken asserts that the Department's former regulation is invalid because it established a general rule for all sex offenders. According to Semaken, the promulgation of such a general rule runs contrary to an explicit provision of AS 12.63.010(d).

AS 12.63.010(d)(1) declares that all sex offenders who are required to make yearly reports shall make their report "on a date set by the department at the time of the sex offender's ... initial registration".[5] Semaken argues that this statute requires the Department of Public Safety to specially establish an individualized annual reporting schedule for each sex offender at the time of their initial registration. We do not agree. The statute does not preclude the Department from promulgating a general rule to govern the reporting deadline for all sex offenders—in particular, to require all sex offenders to report within the 30 days preceding their birthday.

The challenged regulation, 13 AAC 09.030(c), was in effect when Semaken initially registered as a sex offender. Thus, the statute was satisfied: Semaken's annual reporting deadline was "set by the department at the time of [Semaken's] initial registration".

5. At the time of Semaken's offense, an earlier version of this same statute was in effect. However, the earlier version also contained a provision requiring sex offenders to make yearly reports on a date set by the Department at their initial registration. *See* former AS 12.63.010(d).

Moreover, the State presented evidence that Semaken had actual notice of the "birthday" requirement. A Department of Public Safety employee testified that she expressly reminded Semaken of this requirement in August 1998, when Semaken came in to report a change of address. In fact, she had Semaken sign a form acknowledging that he was required to file his annual report within the 30 days preceding his birthday and that he would be "out of compliance" if he waited until after his birthday.

The judgement of the district court is AFFIRMED.